**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Navajo Housing Authority, ) | No. CIV 06-1206-PCT-PGR |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Crownpoint District Court; Ernest Tso; et. ) al., ) |  |
| Defendant. ) |  |

Currently before the Court is Defendant Tso's Motion to Lift Stay of January 9, 2007 and Motion to Dismiss for lack of Subject Matter Jurisdiction and Mootness (Doc. 55.). After careful consideration of the Motion and Plaintiff's Response (Doc. 56) thereto, the Court renders the following decision.

**Background**

Defendant Ernest Tso is a member of the Navajo Nation, and resides within the Navajo Nation reservation. The Crownpoint District Court and the Navajo Nation Supreme Court are tribal courts of the Navajo Nation. The Navajo Nation is a federally recognized sovereign Indian Tribe with authority to address civil matters over tribal entities, departments and individual Navajos. A Plaintiff, Navajo Housing Authority (NHA), is a tribal entity under the Navajo Nation Statute. 6 N.N.C. § 602. It receives federal funds through the

Native American Housing and Self Determination Act (NAHASDA). 25 U.S.C. § 4101 et seq.

On March 27, 2006, the Crownpoint District Court issued a writ of execution authorizing Navajo Law Enforcement to seize $63,915.94 from the bank of NHA. On May 1, 2006, NHA filed a complaint, a motion for temporary restraining order, and a motion for preliminary injunction with this court. NHA moved to enjoin the Crownpoint District Court from ordering plaintiff NHA to pay damage in violation of OMB Circular A-87.

On April 4, 2006, NHA had filed a Notice of Appeal with the Navajo Nation Supreme Court (NNSC) appealing the court order of the Crownpoint District Court. This court held a hearing on January 9, 2007. The court denied the motion for temporary restraining order and denied the motion for preliminary injunction. The court granted the motion to dismiss filed by the Navajo Nation Department of Justice, however it stayed the proceeding pending the resolution of the tribal proceedings, in particular, the ruling of the NNSC. On December 6, 2007, the NNSC remanded the case to the Crownpoint District Court with instructions to find non-exempt funds to pay the judgment. On January 7, 2008, NHA filed a motion for reconsideration which was denied on April 4, 2008.

**Discussion**

In his motion, Tso alleges that the stay should be lifted because of the ruling by the Navajo Supreme Court forbidding the use of federal funds to pay the judgment and ordering the lower courts to find non-federal funds with which to pay the judgment. In contrast, Plaintiff contends that there remains a concern that the Crownpoint District Court may hold that certain funds in the possession of the NHA are not federal funds when in fact they are federal funds, resulting in a remaining federal question to be determined. In other words, there has yet to be a final outcome to this case, and thus, Plaintiff maintains that this Court's jurisdiction and stay should remain in effect pending the final outcome of the Navajo court

proceedings, as they have yet to be completed.[1] For example, Plaintiff explains that only a week prior to filing its Response, the NHA filed its Response to the Crownpoint District Court's inquiry as to whether NHA has any non-federal funds in its possession.

It has been represented to this Court by Plaintiff that the Crownpoint District Court is currently in the process of reviewing the NHA's submission, and a ruling will be forthcoming thereafter. Moreover, it is this Court's finding that its continuing jurisdiction and stay will not adversely affect Tso.

Accordingly,

IT IS HEREBY ORDERED **DENYING** Defendant Tso's Motion to Lift Stay of January 9, 2007 and Motion to Dismiss for lack of Subject Matter Jurisdiction and Mootness. (Doc. 55.)

DATED this 17th day of November, 2008.

Paul G. Rosenblatt
United States District Judge

---

[1] Essentially, Plaintiff argues that Mr. Tso's motion is premature as the matters are still working their way through the Navajo court process.